ROBERTS, J.,
Specially Concurring:
¶ 21. I concur -with the majority’s decision to affirm the judgment of the circuit court. However, because the sentence imposed upon Marco Terrell Lamar under Count II is patently unlawful, I am compelled to write separately to address Lamar’s sentence. Since Lamar was sentenced as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev.2000) and as a repeat drug offender pursuant to Mississippi Code Annotated section 41-29-147 (Rev.2005), the circuit court was required to sentence Lamar to forty-eight years for possession of marijuana.[1]
¶ 22. Along with the aggravated assault charge, Lamar was indicted in Count II for possession of more than one but less than five kilograms of marijuana pursuant to Mississippi Code Annotated section 41-29-139(c)(2)(F) (Rev.2005). The prosecution later filed a motion to amend the indictment to include charges that Lamar was a habitual offender and a repeat drug offender. The circuit court granted the prosecution’s motion long before the trial. The jury found Lamar guilty of both aggravated assault and possession of over one but less than five kilograms of marijuana.[2] During Lamar’s sentencing hearing, the prosecution presented evidence that Lamar had three prior felony convictions. Certified copies of the judgments of conviction were admitted into evidence at the sentencing hearing.
¶23. Two of those three prior convictions resulted from guilty pleas before the United States District Court for the Northern District of Mississippi. On February 23, 1995, Lamar pled guilty in federal court under Count II of a three count indictment to aiding and abetting the possession of cocaine with intent to distribute. Under Count III, Lamar pled guilty to “use/carrying [of] a firearm during/in relation to a drug trafficking crime.” The United States District Court sentenced Lamar to thirty months of incarceration for Count II and sixty months of incarceration for Count III. As for Lamar’s third prior conviction, on October 17, 1995, Lamar went before the Panola County Circuit Court and pled guilty to sale of cocaine. The circuit court sentenced Lamar to ten years of incarceration with nine years and 358 days of that sentence suspended with credit for seven days time served.
¶ 24. Based upon those records of convictions, the circuit court found that the prosecution proved beyond a reasonable doubt that Lamar was a “repeat offender as provided for under Section 99-19-81 in the Mississippi Code.” At that point, the circuit court asked the prosecutor whether he had “any comments as to what [he thought] the Court ought to consider as punishment in the case[.]” The prosecutor answered:
Your Honor, based upon the defendant’s history and the prior convictions which have been received into evidence, I don’t know if the Court has any ability or room to lessen the sentence. Nonetheless, I would be satisfied if on Count One, the aggravated assault, the Court sentence the defendant-to 20 years as a habitual offender and as to Count II, the *371 drug charge, I believe the minimum sentence for possession for more than one kilogram but less than five kilograms is a minimum of six years and a maximum of 24 years. The Court can fashion that sentence whatever means the Court sees best whether it is concurrent, consecutive, suspended, post-release supervision, or whatever the Court thinks is best.
The circuit court asked Lamar’s attorney whether he had any thoughts on the matter. Lamar’s attorney responded:
Your Honor, this relates to the recommendation just made by Mr. Kelly, I think I am going to agree with him under the 99-19-81. Based on the reading of the statute, the Court probably does not have any discretion of what that would be about 20 years. However, the Court does have discretion in the Count II and we would ask that the Court impose a minimum sentence or a supervisory sentence to run concurrent with the sentence that would be imposed in Count One.
¶ 25. After the circuit court heard comments from the prosecutor and Lamar’s attorney, the following exchange between the circuit court and Lamar transpired:
The Court: Mr. Lamar, you have been found guilty of these two events by a jury. Part of my job as the trial judge is to try to follow the law and fix punishment once the jury has found guilt. My job is not quite like Mr. Draper’s job, your pastor, he can forgive and forgive and forgive but under present day law, we have to take in consideration what a person’s past criminal history is—
Lamar: Yes, sir.
The Court: — in fixing punishment so I don’t have quite the — it is not that I don’t have the heart to do so, it is the fact that the way the law is designed, we are required once a person is proven to be a habitual offender to take that into consideration at sentencing.
I do have some discretion. I don’t have to sentence you as a habitual and as a repeat drug offender. I will sentence you to the 20 years required by law on the aggravated assault, that is the mandatory sentence. Probation and parolfe] will not be available.
On the marijuana, I will sentence you to six years suspended, consecutive to 20 years. As I say, I’m not going to consider — I think I have discretions [sic] whether I consider repeat drug offenses or not but I refuse to do so. I think the Section 99-19-81 which I’m compelled to follow is more than sufficient in this case.
¶ 26. The circuit court’s sentencing order reflects that the circuit court sentenced Lamar to twenty years for the aggravated assault conviction. As for Lamar’s drug conviction, the sentencing order indicates that Lamar was “sentenced to serve six (6) years Post-Release Supervision, § 47-7-34 as an § 99-19-81 offender ... to run consecutive to the sentence imposed [for aggravated assault].”
¶27. There can be no doubt that the prosecution sufficiently proved that Lamar was a habitual offender. If a person is convicted who previously has been convicted of two other felonies, arising from separate incidents at different times, and that person had been sentenced to separate terms of one year or more for each of those two prior felonies, upon conviction of a subsequent felony, the convicted party shall be sentenced to the maximum term of imprisonment prescribed for that felony. Miss.Code Ann. § 99-19-81. Consequently, the circuit court was required to sentence Lamar to the maximum sentence for each of his convictions. However, *372 whether to run those sentences concurrently or consecutively was a matter of the court’s use of sound discretion. Miss.Code Ann. § 99-19-21 (Rev.2007).
¶ 28. The sentencing range for one convicted of possession of between one and five kilograms of marijuana is imprisonment for “not less than six (6) years nor more than twenty-four (24) years and a fine of not more than Five Hundred Thousand Dollars ($500,000.00).” Miss.Code Ann. § 41-29-139(c)(2)(F) (Rev.2005). At first glance, it would appear that the circuit court was required to sentence Lamar to twenty-four years in the custody of the Mississippi Department of Corrections. However, Lamar had prior drug convictions; two before the United States District Court and one before the Panola County Circuit Court. “[A]ny person convicted of a second or subsequent offense under [the Uniform Controlled Substances Law] may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that authorized, or both.” Miss.Code Ann. § 41-29-147 (Rev. 2005) (emphasis added). “[A]n offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this article or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant or hallucinogenic drugs.” Id. Because Lamar was a repeat drug offender under the Mississippi Uniform Controlled Substances Act and the Federal Controlled Substances Act, as well as a habitual offender, the circuit court was required to sentence Lamar to forty-eight years for possession of marijuana.
¶29. A feature of the circuit court’s sentencing order also bears discussion. During the sentencing hearing, the circuit court stated that it was sentencing Lamar to “six years suspended” for the possession conviction. Pursuant to section 99-19-81, a habitual offender’s sentence “shall not be reduced or suspended nor shall such person be eligible for parole or probation.” The circuit court simply had no lawful authority to suspend any portion of Lamar’s sentence. Brown v. State, 829 So.2d 93, 100(¶ 13) (Miss.2002).
¶ 30. Additionally, the circuit court had no authority to place Lamar on post-release supervision. The circuit court’s sentencing order, contrary to the sentence pronounced in open court, states that Lamar was “sentenced to serve six (6) years Post-Release Supervision.” It is statutorily impossible for a habitual offender’s sentence to include a period of post-release supervision. As mentioned, a habitual offender must receive the maximum sentence allowable by law. However, “the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed.” Miss.Code Ann. § 47-7-34(1) (Rev.2004). Because section 99-19-81 prohibits a sentencing court from suspending a portion of a habitual offender’s sentence, it is impossible to add post-release supervision to a habitual offender’s maximum sentence.
¶ 31. Our system of checks and balances dictates that the legislative branch of the government writes the laws. The Mississippi Legislature has clearly removed discretion from sentencing as to the duration of sentences in the context of habitual offenders. As a matter of public policy, the Legislature has determined that certain repeat felony offenders represent serious threats to the public safety. The Legislature requires that habitual offenders be given the maximum authorized sentence; and they may not receive a suspended sentence, probation, parole, *373 earned-time credit, nor any form of early release.
¶ 32. We, as members of the judicial branch of the government, interpret and follow the laws. We do not, and cannot, rewrite them to our liking. Circuit court judges of this state are bound by their oaths to impose lawful sentences upon convicted felons. Pursuant to Article 6, Section 155 of the Mississippi Constitution, before taking office all judges must swear or affirm, among other things, to “discharge and perform all duties incumbent upon [him or her] ... agreeably to the Constitution of the United States and the Constitution and laws of the State of Mississippi.” (Emphasis added). Lamar was a habitual and repeat drug offender when his transaction involving several pounds of marijuana went sour, and he responded by opening fire with his 9mm pistol in a Wal-Mart parking lot between the hours of 6:30 p.m. and 7:00 p.m. He had already been convicted of four serious felony offenses in slightly more than a decade. Mississippi law required that he be sentenced to forty-eight years for possession of that quantity of marijuana. Our circuit court judges must remain faithful to their oaths to follow the law when sentencing offenders.
CHANDLER, GRIFFIS AND CARLTON, JJ., JOIN THIS SEPARATE WRITTEN OPINION.

. There is no cross-appeal. Accordingly, we have no authority to remand this matter for correct sentencing.

. The evidence indicated that Lamar had over three kilograms of marijuana.